IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,171-01, -02






EX PARTE HIRAM TIMOTEO REYNA, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS 


CAUSE NOS. 2001-CR-695-D & 2001-CR-758-D 

IN THE 103RD DISTRICT COURT

CAMERON COUNTY



 

 Per curiam.


 O R D E R



 These are applications for a writ of habeas corpus that were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offenses of aggravated robbery and unauthorized use of a vehicle. He was sentenced to
confinement for fifteen years and two years, respectively. No direct appeals were taken. 

 Applicant contends that counsel was ineffective for failing to investigate Applicant's
history of psychosis and hospitalization for psychoses and failing to present such history to
the trial court. The trial court entered an order on February 1, 2006, instructing counsel to
respond to Applicant's claims by way of an affidavit. On February 21, 2006, this Court
received the applications, but there was no affidavit from counsel in the applications. We
believe that the applications were prematurely forwarded to this Court. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues as
set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel investigated Applicant's psychiatric history and whether counsel
presented such history to the trial court. The trial court shall then make findings of fact as to
whether counsel was ineffective. The trial court shall also make any further findings of fact
and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 17TH DAY OF MAY, 2006.






DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.